# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: January 23, 2018

No. 15-1148V

| | | |
|---|---|---|
| * * * * * * * * * * * * * | * | UNPUBLISHED |
| ALYCE SCHWENN, | * | |
| | * | Chief Special Master Dorsey |
| Petitioner, | * | |
| | * | |
| v. | * | Attorneys' Fees and Costs; |
| | * | Intra-office Communication; |
| SECRETARY OF HEALTH | * | Research. |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | * | |

Justin Aaron Smith, Sloan Bagley Hatcher & Perry Law Firm, Longview, TX, for petitioner.
Voris Edward Johnson, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On October 8, 2015, Alyce Schwenn ("petitioner") filed a petition under the National Vaccine Injury Compensation Program.[2] Petitioner alleged that she developed transverse myelitis as a result of an influenza ("flu") vaccine received on October 16, 2013. Petition at 1. On February 17, 2017, the undersigned issued a decision based on the parties' stipulation awarding petitioner $315,000.00 and an annuity contract. Decision dated Feb. 17, 2017 (ECF No. 40).

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012)(Federal Management and Promotion of Electronic Government Services). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

**I.     Background**

On September 1, 2017, petitioner filed a motion for attorneys' fees and costs. Petitioner's Motion ("Pet. Mot.") (ECF No. 46).  On November 3, 2017, the undersigned ordered petitioner's counsel to file additional documentation of their claim for attorneys' fees and costs. Order dated Nov. 3, 2017 (ECF No. 48).  Counsel was ordered to file a statement in accordance with General Order #9, an itemized list of receipts for all costs, and attorneys' billing invoices that reflect hourly rates in accordance with the Office of Special Masters' 2015-2016 and 2017 Fee Schedules.  Petitioner filed the additional documentation on November 14, 2017, which included a revised billing log and updated requested amounts for reimbursement of fees and costs.  Additional Documentation dated November 14, 2017 ("Add'l Documentation") (ECF No. 50).

Petitioner's final request includes reimbursement of attorneys' fees in the amount of $46,401.10, and costs in the amount of $13,809.59, for a total request of $60,211.09.  Add'l Documentation at 2-3.  In accordance with General Order #9, petitioner filed a signed statement indicating that she incurred no out-of-pocket expenses in pursuit of this claim.  Petitioner's Statement dated November 14, 2017 (ECF No. 49).

On September 5, 2017, respondent filed a response to petitioner's motion.  Respondent's Response ("Resp. Resp.") dated September 5, 2017 (ECF No. 47).  Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Id. at 1. Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id. at 2.  Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." Id. at 3.

Petitioner has filed no reply.  This matter is now ripe for adjudication.  For the reasons set forth below, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs, but reduces the total awarded to $54,963.82.

**II.    Discussion**

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(3) (1). Petitioner in this case was awarded compensation pursuant to a joint stipulation, and therefore she is entitled to an award of reasonable attorneys' fees and costs.

  **A. Reasonable Attorneys' Fees**

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008).  Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Then, the court may make an upward or downward

departure from the initial calculation of the fee award based on other specific findings.  Id. at 1348.  Special masters have "wide discretion in determining the reasonableness" of attorneys' fees and costs, Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994), and may increase or reduce the initial fee award calculation based on specific findings.  Avera, 515 F.3d at 1348.

In making reductions, a line-by-line evaluation of the fee application is not required.  Wasson, 24 Cl. Ct. at 484, rev'd on other grounds and aff'd in relevant part, 988 F.2d 131 (Fed. Cir. 1993).  Special masters may rely on their experience with the Vaccine Act and its attorneys to determine the reasonable number of hours expended.  Id.  Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications."  Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993).

### i. Requested Hourly Rates

Petitioner requests compensation for her attorneys, Mr. John Sloan and Mr. Justin Smith of the Sloan Bagley Hatcher & Perry law firm, and Mr. Jonathon Simon of the Simon Law Firm.  Pet. Mot. at 10.  Mr. Sloan requests a rate of $430.00 per hour for all work he performed on this case.  Pet. Mot., Exhibit B at 10.  Mr. Smith requests a rate of $300.00 per hour for work performed between 2014 and 2016, and a rate of $307.00 per hour for work performed during 2017.  Id.  Mr. Simon requests a rate of $375.00 per hour for work performed between 2014 and 2016, and a rate of $383.00 for work performed during 2017.  Pet. Mot., Exhibit C at 1.  In addition to her attorneys, petitioner also requests compensation for worked performed by paralegals at a rate of $145.00 per hour.  Pet. Mot., Exhibit B at 10; Pet. Mot., Exhibit C at 2.

The hourly rates requested by petitioner's counsel require adjustment.  While the updated hourly rates for petitioner's counsel are within the ranges provided in McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015 WL 5634323, *16 (Fed. Cl. Spec. Mstr. Oct. 18, 2016), and the Office of Special Masters' Fee Schedules,[3] the hourly rates for all three attorneys are at the upper limits of their appropriate ranges.  Attorneys are placed into the appropriate McCulloch range based on their years of experience as a licensed attorney, but they may move up or down within the range based upon their years of experience practicing before the Vaccine Program.  Mr. Sloan has 37 years of experience as a licensed attorney.  Pet. Mot., Exhibit 2 at 1.  His requested rate of $430.00 per hour is within the McCulloch range for an attorney with his experience.[4]  However, Mr. Sloan has no previous experience with the Program, and the undersigned does not find it reasonable to award him an hourly rate at the upper limit of the

---

[3] See OSM Attorneys' Forum Hourly Rate Fee Schedules, available at http://www.uscfc.uscourts.gov/node/2914 (last accessed September 29, 2017).

[4] For 30+ years of experience, McCulloch established a range of $385-$430 for work performed in 2015-16, and a range of $394-$440 for work performed in 2017.

range. The undersigned awards Mr. Sloan an hourly rate of $400.00 for all work performed on this case between 2014 and 2017.

Mr. Smith has seven years of experience as a licensed attorney. Pet. Mot., Exhibit 3 at 1. Mr. Smith requests a rate of $300.00 per hour for work he performed between 2014 and 2016, which is within the McCulloch range for an attorney with 4-7 years of experience.[5] However, Mr. Smith has no previous experience with the Program, and the undersigned does not find it reasonable to award him an hourly rate at the upper limit of the range. The undersigned will award Mr. Smith an hourly rate of $275.00 for all work performed on this case between 2014 and 2017.

Mr. Simon has 18 years of experience as a licensed attorney. Pet. Mot., Exhibit 3 at 1. Mr. Simon's requested rates of $375.00 per hour for work performed between 2014 and 2016, and $383.00 per hour for work performed in 2017, are within the McCulloch ranges for an attorney with 11-19 years of experience.[6] However, Mr. Simon has no previous experience with the Program, and the undersigned does not find it reasonable to award him an hourly rate at the upper limit of the range. The undersigned will award Mr. Simon an hourly rate of $350.00 for all work performed on this case between 2014 and 2017.

The hourly rates to be awarded are as follows:

| Year | Person | Requested Rate | Adjusted Rate |
|---|---|---|---|
| **2014** | Sloan | $430.00 | $400.00 |
| **2014** | Smith | $300.00 | $275.00 |
| **2014** | Simon | $375.00 | $350.00 |
| **2015** | Sloan | -- | -- |
| **2015** | Smith | $300.00 | $275.00 |
| **2015** | Simon | $375.00 | $350.00 |
| **2016** | Sloan | $430.00 | $400.00 |
| **2016** | Smith | $300.00 | $275.00 |
| **2016** | Simon | $375.00 | $350.00 |
| **2017** | Sloan | -- | -- |
| **2017** | Smith | $307.00 | $275.00 |
| **2017** | Simon | $383.00 | $350.00 |
| **2014-2017** | Paralegals | $145.00 | $145.00 |

---

[5] For 4-7 years of experience, McCulloch established a range of $225.00-$300.00 for work performed in 2015-16, and a range of $230.00-$307.00 for work performed in 2017.

[6] For 11-19 years of experience, McCulloch established a range of $300.00-$375.00 for work performed in 2015-16, and a range of $307.00-$383.00 for work performed in 2017.

The rate adjustments reflected above reduce the billed amount to $43,320.25, **a reduction of $3,080.85**.

### ii.    Requested Hours

The second factor to be considered in the lodestar formula is a reasonable number hours expended.  Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Shorkey v. Sec'y of Health and Human Servs., No. 15-768V, 2017 WL 2119118 (Fed. Cl. Spec. Mstr. April 21, 2017); Saxton v. Sec'y of Health and Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993).

### 1.    Block-billing

Several entries in petitioner's counsel's billing logs were block-billed in increments of 4 hours or more at a time.[7]  It is well-established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable.  Bell v. Sec'y of Health & Human Servs., 18 Cl. Ct. 751, 760 (1989); Rodriguez, 2009 WL 2568468.  Petitioner bears the burden of documenting the fees and costs claimed.  Id. at *8.  Block-billing, or billing large amounts of time without sufficient detail as to what tasks were performed, is clearly disfavored.  Broekelschen v. Sec'y of Health & Human Servs., 2008 U.S. Claims LEXIS 399, at **13-14 (Fed. Cl. Spec. Mstr. Dec. 17, 2008) (reducing petitioner's attorneys' fees and criticizing her for block-billing); see also Jeffries v. Sec'y of Health & Human Servs., 2006 U.S. Claims LEXIS 411, at *8 (Fed Cl. Spec. Mstr. Dec. 15, 2006); Plott v. Sec'y of Health & Human Servs., 1997 U.S. Claims LEXIS 313, at *5 (Fed. Cl. Spec. Mstr. April 23, 1997).  Indeed, the Vaccine Program's Guidelines for Practice state, "Each task should have its own line entry indicating the amount of time spent on that task.  Several tasks lumped together with one time entry frustrates the court's ability to assess the reasonableness of the request."[8]  Petitioner's counsel is cautioned that block-billed time may not be compensated in his future motions for attorneys' fees, and he should avoid lumping large of amounts of time together without adequate detail as to the specific tasks performed.

### 2.    Intra-office communication

The undersigned has previously found it reasonable to reduce the fees paid to petitioners due to duplicative billing and billing for intra-office communication.  See Tetlock v. Sec'y of Health & Human Servs., No. 10-56, 2017 WL 5664257 (Fed. Cl. Spec. Mstr. Nov. 1, 2017) (reduced counsel's overall fee award for excessive and duplicative billing); Panaitescu v. Sec'y of Health & Human Servs., No. 16-753V, 2017 WL 4876036 (Fed. Cl. Spec. Mstr. Oct. 2, 2017) (reduced counsel's overall fee award due to billing for excessive email correspondence with the

---

[7] See Add'l Documentation, Exhibit B at 1, 3-4; see also Add'l Documentation, Exhibit B at 2.

[8] Guidelines for Practice Under the National Vaccine Injury Compensation Program ("Guidelines for Practice") at 68 (revised April 21, 2016) found at www.cofc.uscourts.gov/sites/default/files/GUIDELINES-FOR-PRACTICE-4212016.pdf   (Section X, Chapter 3, Part B(1)(b)).

5

client and with each other); See also Ericzon v. Sec'y of Health & Human Servs., No. 10–103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced counsel's overall fee award by 10 percent due to excessive and duplicative billing); Austin v. Sec'y of Health & Human Servs., No. 10–362V, 2013 WL 659574, at *14 (Fed. Cl. Spec. Mstr. Jan. 31, 2013) (Special Master Vowell deducted fees for excessive intra-office communication in a case where seven attorneys billed for attending conferences and drafting memoranda about the case); Soto v. Sec'y of Health & Human Servs., No. 09–897V, 2011 WL 2269423, at *6 (Fed. Cl. Spec. Mstr. June 7, 2011) (Special Master Millman reduced counsel's fees for intra-office communications and meetings); Carcamo v. Sec'y of Health & Human Servs., No. 97–483V, 2011 WL 2413345, at *7 (Fed. Cl. Spec. Mstr. May 20, 2011) (Special Master Millman reduced fees when two attorneys at the Law Offices of Dale K. Galipo billed for the same meetings).

After reviewing the billing records, the undersigned finds that counsel included entries that are duplicative due to multiple attorneys billing for the same meetings with each other.[9] For example, on September 23, 2016, Mr. Smith billed 0.20 hours for "Conversation with John re: Schwenn," and Mr. Sloan billed 0.20 hours for "Conversation with Justin re: Schwenn." Add'l Documentation, Exhibit B at 7. On March 7, 2017, both Mr. Smith and Mr. Simon billed for the same email exchange, a practice which is repeated throughout their billing logs. Add'l Documentation, Exhibit B at 9; Add'l Documentation, Exhibit C at 1. Counsel billed more than twelve hours for intra-office communication, though it is difficult to determine the exact amount due to their practice of block-billing, as discussed above.

### 3. Research

It is well-established that it is "inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program. Matthews v. Sec'y of Health & Human Servs., No.l 14-1111V, 2016 WL 2853910 at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2015); See also Bailey v. Sec'y of Health & Human Servs., No. 15-574V, 2017 WL 6759187 (Fed. Cl. Spec. Mstr. Dec. 6, 2017) (disallowing fees for time spent researching the Vaccine Program); Calise v. Sec'y of Health & Human Servs., No. 08-865V, 2011 WL 2444810, at *5 (Fed. Cl. Spec. Mstr. June 13, 2011) (reduced fee award for research into vaccine litigation); Tison v. Sec'y of Health & Human Servs., No. 89-43V, 1990 WL 293369, at *2 (Cl. Ct. Spec. Mstr. May 25, 1990) (found that counsel spent excessive time researching and reviewing the statute and legislative history).

The undersigned finds that petitioner's counsel billed excessively for research into the Vaccine Program and the relevant legislation.[10] For example, on August 18, 2014, counsel billed 6.50 hours for researching various aspects of the Vaccine Program, including the rules, guidelines, and necessary documents to file. Add'l Documentation, Exhibit B at 1. Counsel also billed time to research the relevant statutes and case law that would affect his case. In total, counsel billed more than 27 hours researching various aspects of the Program and case law, though it is difficult to determine the exact amount due to counsel's practice of block-billing.

---

[9] See Add'l Documentation, Exhibit B at 1, 6-9; See also Add'l Documentation, Exhibit C at 1.

[10] See Add'l Documentation, Exhibit B at 1-3, 5-6, 8; See also Add'l Documentation, Exhibit C at 1.

The undersigned also noted that on June 3, 2015, counsel billed 6.00 hours to "Locate Expert; Research," which appears excessive, block-billed, and vague. Like block-billing, vague entries frustrate the undersigned's ability to determine the reasonableness of the time spent on each task. The undersigned has previously found it reasonable to decrease an award of attorneys' fees for vagueness. See Bondi v. Sec'y of Health & Human Servs., No. 15-749V, 2016 WL 1212890 (Fed. Cl. Spec. Mstr. Mar. 4, 2016) (reduced counsel's overall fee award due to vague billing entries); See also Barry v. Sec'y of Health and Human Servs., 12-39V, 2016 WL 6835542 (Fed. Cl. Spec. Mstr. Oct. 25, 2016) (reduced a fee award by ten percent due to vague billing entries). Counsel is cautioned that vague entries may not be compensated in future motions for attorneys' fees and every effort should be made to adequately log the task performed and the hours expended on each individual task.

Due to the billing deficiencies described above, the undersigned **reduces the overall fee award by 5%.**

### B. Reasonable Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioners request a total of $13,809.58 in costs. Add'l Documentation at 2-3. These expenses consist of, *inter alia*, the expert fees for Dr. Shoenfeld, the filing fee, and costs related to collecting medical records. See generally Add'l Documentation, Exhibit A. After reviewing the invoices submitted by counsel, the undersigned finds that the costs appear overall to be reasonable and will award them in full.

### III. Conclusion

For the reasons set forth above, the undersigned finds that petitioner is entitled to an award of attorneys' fees and costs. The amount of the award is as follows:

| **John Sloan & Justin Smith** | |
|---|---:|
| Requested attorneys' fees: | $39,467.40 |
| Reductions (attorney rates) | - $2,699.65 |
| Reductions (5% for billing deficiencies) | - $1,838.39 |
| **Adjusted Fees Total:** | **$34,929.36** |
| | |
| **Requested attorneys' costs:** | **$13,809.59** |
| | **Total: $48,738.95** |

| **Jonathan Simon** | |
|---|---:|
| Requested attorneys' fees: | $6,934.10 |
| Reductions (attorney rates) | - $381.60 |
| Reductions (5% for billing deficiencies) | - $327.63 |
| **Adjusted Fees Total:** | **$6,224.87** |

**Total Attorneys' Fees and Costs Awarded:** $54,963.82

**Accordingly, the undersigned awards the following, representing reimbursement for all attorneys' fees and costs:**

A) **$48,738.95, in the form of a check jointly payable to petitioner and petitioner's counsel, Justin Smith of Sloan Bagley Hatcher & Perry Law Firm.**

B) **$6,224.87, in the form of a check jointly payable to petitioner and petitioner's counsel, Jonathan Simon of Simon Law Firm.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance herewith.[11]

**IT IS SO ORDERED.**

**/s/ Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[11] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.